IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

STACYE HOSEA,                    )
                                 )
    Plaintiff,                   )
                                 )
vs.                              ) CIVIL ACTION NO. 14-00414-CG-B
                                 )
LARRY JONES, *et al.*,           )
                                 )
    Defendants.                  )

**REPORT AND RECOMMENDATION**

This matter, which was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), is before the Court on Defendant Larry Jones' Motion to Dismiss. (Doc. 3). Although Plaintiff was afforded an opportunity to respond, she has not done so.[1] Upon a careful review of Defendant's motion, the pleadings, and the applicable case law, the undersigned **RECOMMENDS** that the motion be granted, and that Plaintiff's claims against Jones be dismissed.

**I. Background**

This case involves a dispute over insurance coverage. Plaintiff Stacye Hosea (hereinafter Plaintiff or Hosea) filed a Complaint in the Circuit Court of Marengo County on August 7,

---

[1] In the parties' joint Rule 26(f) report (Doc. 10), Plaintiff reports that she does not oppose Defendant Jones' motion.

2014 against Defendants Larry Jones and State Farm Fire & Casualty Company (hereinafter "State Farm"). (Doc. 1-1)

In the Complaint, Plaintiff alleges that prior to 2012, she purchased a homeowner's insurance policy with State Farm and that Larry Jones, a State Farm agent, assisted her in the purchase. (Id. at 2). According to Plaintiff, she relied upon representations made by Jones in procuring the insurance policy and in continuing to pay the premiums due under the policy. (Id.). On August 29, 2012, Plaintiff's residence was damaged as a result of a fire, and following the fire, Jones told her that her home was fully covered and that State Farm would take care of all of the damage. (Id.). In Count One of her complaint, Plaintiff asserts a breach of contract claim against State Farm for breach of the homeowner's insurance policy. In Count Two of the complaint, Plaintiff alleges that State Farm has committed the tort of bad faith by wrongfully refusing to pay for the damages she sustained and has thereby not honored its contract with her. In Count Three, Plaintiff asserts that Jones made false and misleading representations to her, that she relied upon said misrepresentations, and that she was damaged as a result. (Id. at 3-4). In Count Four, Plaintiff asserts that Jones and State Farm made certain representations to her and that they should be estopped from denying the representations. (Id. at 4).

On September 5, 2004, Defendants Jones and State Farm filed a Petition of Removal pursuant to 28 U.S.C. § 1332.[2] (Doc. 1) In the petition, Defendants assert that this Court has federal jurisdiction over Plaintiff's claim based on diversity of citizenship. According to Defendants, although Defendant Jones and Plaintiff are both citizens of Alabama, Jones has been fraudulently joined as a defendant in this action in order to defeat diversity jurisdiction. Defendants further assert that the amount in controversy exceeds $75,000 as Plaintiff has submitted to State Farm a sworn statement for $158,000. (Doc. 1 at 16, Doc. 1-3).

As noted *supra*, pending before the Court is Defendant Jones' Motion to Dismiss. (Doc. 3). In the motion, Jones argues that Plaintiff has failed to state a fraud claim against him because: 1) she has not pleaded fraud with the particularity required by Alabama law and Rule 9(b) of the Federal Rules of Civil Procedure, 2) she has failed to show that her reliance was reasonable, 3) she has failed to show that Jones' alleged representations were independent from the promises in the

---

[2] Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. See Darden v. Ford Consumer Finance Co., 200 F.3d 753, 755 (11th Cir. 2000)(to qualify for diversity jurisdiction, a complaint must establish "complete diversity of the parties' citizenship and an amount in controversy exceeding $75,000");

contract, and 4) the insurance contract is the best evidence of the terms of the contract. Defendant further contends that because he is not a party to the insurance contract, "[P]romissory or equitable estoppel cannot be utilized to create primary contractual liability where none would otherwise exist." (Id. at 11). As noted *supra*, Plaintiff was afforded an opportunity to respond to Jones' motion, but she did not do so. However, in the parties' joint Rule 26(f) report, Plaintiff affirmatively states that she does not oppose Defendant Jones' motion. Accordingly, the undersigned is treating Plaintiff's affirmative statement as an acknowledgement that there is no possibility that she could state a claim against Jones.

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). A fraudulently joined non-diverse defendant does not defeat diversity because his citizenship is not considered, and if fraudulent joinder is found, the court "must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court." Florence v. Crescent Resources, LLC, 484 F.3d 1293, 1297 (11th Cir. 2007). A finding of fraudulent joinder is appropriate where "there is no possibility the plaintiff can

4

establish a cause of action against the resident defendant."[3] Henderson v. Washington Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006). The defendant must make the required showing by clear and convincing evidence. Id. The defendant's burden to show fraudulent joinder has been described as a "heavy one." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997); see also Gonzalez v. J.C. Penney Corp., 209 Fed. Appx. 867, 869, 2006 U.S. App. LEXIS 26178, *6-7, 2006 WL 2990086, *3 (11th Cir. Oct. 20, 2006)("The burden of establishing fraudulent joinder is a heavy one.")

The Eleventh Circuit has cautioned that "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." Triggs, 154 F.3d at 1287. Of course, "[t]he potential for legal liability must be reasonable, not merely theoretical". Legg v. Wyeth, 428 F.3d

---

[3] The Eleventh Circuit employs a tripartite test for determining whether a defendant has been fraudulently joined. The removing party must show either of the following: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant in state court; (2) the plaintiff fraudulently pleaded jurisdictional facts, or (3) that a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternative liability and the claim has no real connection to the claim against the non-diverse defendant. See Triggs, 154 F.3d at 1287.

5

1317, 1355 n.5 (11th Cir. 2005). The Eleventh Circuit has explained that:

> "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court" . . . In other words, "[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate."

Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1332 (11th Cir. 2011).

The undersigned notes, as a preliminary matter, that Defendant Jones' argument that Plaintiff's complaint fails to meet the pleading standard outlined in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173, L. Ed. 2d 868 (2009) and the heightened pleading standard required by Alabama law and Rule 9(b) of the Federal Rules of Civil Procedure is faulty because in the context of fraudulent joiner, this Court must look at whether there is a possible claim under state law pleading standards. Stillwell, 663 F.3d at 1334. ("To determine whether it is possible that a state court would find that the complaint states a cause of action, we must necessarily look to the pleading standards applicable in state court, not the plausibility standards prevailing in federal court."). Alabama

6

courts have not adopted the plausibility standard of pleading applied in the federal courts. Phillips v. R.R. Dawson Bridge Co., 2014 U.S. Dist. LEXIS 111087, 2014 WL 3970176 (N.D. Ala. Aug. 12, 2014)(citing Crum v. Johns Manville, Inc., 19 So. 3d 208, 212 n.2 (Ala. Civ. App. 2009)). Further, while the Alabama Supreme Court has explained that Alabama's Rule 9(b) particularity requirement means that "[t]he pleader must state the place, the time, the contents of the false misrepresentations, the fact misrepresented, and an identification of what has been obtained", Anderson v. Clark, 775 So.2d 749, 752 n.5 (Ala. 1999) (citation omitted), it has generally been held that the remedy for failure to satisfy Rule 9(b) is not dismissal on the merits, but rather is an opportunity for the plaintiff to replead. See generally Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).

In her complaint, Plaintiff asserts that Defendant Jones, in his role as a State Farm insurance agent, made false representations upon which she relied to purchase the State Farm insurance policy, and to pay the premiums due under the policy. Plaintiff however does not provide Jones with any notice regarding the representations that he is alleged to have made during the insurance purchase process, nor is there anything in the complaint suggesting that Defendant Jones played any role in

7

investigating and processing her fire damage claim.[4] Plaintiff has not responded to Defendant's motion, and has made no attempt to amend her complaint. Instead, in the parties' Rule 26(f) report, Plaintiff affirmatively states that she does not oppose Defendant Jones' motion, thereby essentially acknowledging that there is no possibility that she can state a valid claim against Defendant Jones. Under these circumstances, the undersigned finds that Jones has satisfied his burden of showing that he was fraudulently joined. Accordingly, the undersigned recommends that Jones' motion be granted. See Florence, 484 F.3d at 1297 (11th Cir. 2007)(If fraudulent joinder is found, "the federal court must dismiss the non-diverse defendant, and deny any motion to remand the matter back to state court.").

---

[4] Plaintiff has also asserted a promissory estoppel claim against both Jones and State Farm. A claim of promissory fraud requires proof of the elements of fraud, specifically "(1) a false representation (2) of a material existing fact (3) reasonably relied upon by the plaintiff (4) who suffered damage as a proximate consequence of the misrepresentation" and that "two additional elements must be satisfied: (5) proof that at the time of the misrepresentation, the defendant had the intention not to perform the act promised, and (6) proof that the defendant had an intent to deceive." S.B. v. St. James Sch., 959 So. 2d 72, 101, (Ala. 2006)(citations omitted). While Plaintiff contends that following the fire Jones told her that her home was covered and that State Farm would take care of all the damage, there is no assertion that Jones intended to deceive her in making the alleged statements.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **24th** day of **October, 2014.**

                                                      /s/ SONJA F. BIVINS
                                        **UNITED STATES MAGISTRATE JUDGE**